## R. C. LOGUE et al. v. STATE.

No. A-6802. Opinion Filed Aug. 28, 1928.
(269 Pac. 787.)

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter referred to as the defendants, were convicted upon a charge of robbery with firearms, and the punishment of R. C. Logue fixed at 10 years in the state penitentiary, and the punishment of J. B. Morris, alias J. D. Nunn, fixed at 5 years in the state penitentiary. Motion for new trial was filed and overruled, and defendants appeal to this court.

The testimony in substance shows that T. A. Edgerley was going to his work early in the morning of the 14th of May, 1927, and a short distance from his place of work in the river bottom in Oklahoma City was held up and robbed; that he gave the alarm, and accompanied the officers to the place where he was robbed, and in a car the defendant J. B. Morris, alias J. D. Nunn, was sitting, and the defendant R. C. Logue was found a short distance away from the car on the river bank. The witness identified defendant Logue as being the party that searched him and took from him his knife and 35 cents in money. The defendants

denied they had anything to do with the robbery, but admitted they had gone together to the place where they were found for the purpose of fishing; that they had bank hooks and were waiting to see if they could catch any fish.

Defendants have filed four assignments of error alleged to have been committed by the trial court, which may be treated together, as they all relate to the insufficiency of the evidence to sustain the judgment of conviction. No brief has been filed supporting the assignment of errors, although the time for filing the brief has expired. The testimony of the state's witness is positive as to the identification of R. C. Logue, and defendant J. B. Morris, alias J. D. Nunn, admits that he, in company with Logue, had gone to the place where they were found, and where Edgerley swears he was robbed, for the purpose of fishing. The testimony of the state seems to have satisfied the jury of the guilt of the defendants, notwithstanding the defendants' positive denial. It is the exclusive province of the jury to pass on the credibility of the witness and the weight of their testimony, and where there is substantial evidence to support the finding of the jury, though the testimony is conflicting, this court will not interfere.

After a careful examination of the record, it appears that the defendants were accorded a fair trial, that the court properly declared the law, and that no errors prejudicial to the rights of the defendant were committed in the trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.